Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426
stanm@mallisonlaw.com
hectorh@mallisonlaw.com
mpalau@mallisonlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

JAIME MACHADO,

Plaintiff,

vs.

M.A.T. & SONS LANDSCAPE, INC., a California Corporation, MANUEL A. TRIGO, MARIA E. TRIGO, EDWARD TRIGO and JOSEH TRIGO,

Defendants.

**Case No.**

**COMPLAINT FOR:**

1. **OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. §§ 201 *et seq.*;**
2. **VIOLATION OF THE UNFAIR COMPETITION LAW FOR FAILING TO COMPLY WITH FLSA RECORD-KEEPING REQUIREMENTS;**
3. **OVERTIME WAGES PURSUANT TO CAL. LABOR CODE §§ 200 *et seq.*;**
4. **MINIMUM WAGES PURSUANT TO CAL. LABOR CODE §§ 200 *et seq.*;**
5. **FAILURE TO PAY VESTED VACATION WAGES PURSUANT TO CAL. LABOR CODE § 227.3;**
6. **WAITING TIME PENALTIES PURSUANT TO CAL. LABOR CODE § 203;**
7. **WAGE STATEMENT PENALTIES PURSUANT TO CAL. LABOR CODE § 226;**
8. **VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 *et seq.*; AND**
9. **PENALTIES FOR VIOLATING LABOR CODE PROVISIONS PURSUANT TO CAL. LABOR CODE §§ 2698 *et seq.***

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. Plaintiff Jaime Machado (hereinafter "MACHADO" or "PLAINTIFF") brings this action against M.AT. & Sons Landscape, Inc. (hereinafter "MAT LANDSCAPE"), MANUEL A. TRIGO, MARIA E. TRIGO, EDWARD TRIGO and JOSEPH TRIGO (collectively "DEFENDANTS"), to recover unpaid wages, interest thereon, penalties, attorney's fees and cost of suit. The allegations made herein are based on Plaintiff's personal knowledge, except those allegations asserted on information and belief, which are based on a reasonable investigation under the circumstances.

2. This action arises from DEFENDANTS' failure to pay all wages owed to PLAINTIFF, apparently due to being misclassified as an exempt employee.

3. Defendants MAT LANDSCAPE and MANUEL A. TRIGO are sued as employers or *alter* egos and are referred to hereinafter as "EMPLOYER DEFENDANTS."

4. Pursuant to California's Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698 *et seq.*, and California Labor Code § 558, Defendants MANUEL A. TRIGO, MARIA E. TRIGO, EDWARD TRIGO and JOSEPH TRIGO are sued as "persons" who violated, or caused violations of, the California Labor Code or the Wage Orders promulgated by the Industrial Welfare Commission ("IWC"). MANUEL A. TRIGO, MARIA E. TRIGO, EDWARD TRIGO and JOSEPH TRIGO are collectively referred to hereafter as PAGA DEFENDANTS.

5. PLAINTIFF was employed by EMPLOYER DEFENDANTS to do landscape work for EMPLOYER DEFENDANTS' landscaping business in various California counties, and has suffered injury and loss of money or property as a result of Defendants' failure to comply with federal and state labor laws.

6. PAGA DEFENDANTS had control over, directed and were responsible for PLAINTIFF'S hours of work and payment of wages, as well as for PLAINTIFF'S wage statements and employment records. PAGA DEFENDANTS violated or caused the violations described herein by: (1) requiring PLAINTIFF to work more than eight hours in a day or 40 hours in a week without paying overtime or doubletime wages; (2) failing to pay PLAINTIFF vacation wages upon termination; (3) failing to pay PLAINTIFF all wages owed upon termination; and (4) failing to

provide PLAINTIFF with accurate, itemized wage statements containing all hours worked, all applicable pay rates or all gross or net wages owned, or to create or maintain required time, employment or payroll records.

7. As a result of the violations described herein, PLAINTIFF seeks to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the California Labor Code and IWC Wage Orders.

8. PLAINTIFF also seeks penalties for failure to pay all wages owed upon termination, failure to provide accurate, itemized wage statements and for violations of California Labor Code and IWC Wage Order provisions as described herein pursuant to the PAGA.

9. DEFENDANTS' failure to pay all wages owed, to maintain accurate records and to provide accurate itemized wage statements is unlawful and contrary to the public policy of the State of California. DEFENDANTS' failure to maintain accurate records is also contrary to the dictates of the FLSA, and constitutes a violation of California's Unfair Competition Law (the "UCL") (Business and Professions Code §§ 17200 *et seq.*).

10. PLAINTIFF also brings this action under the UCL seeking restitutionary, injunctive and declaratory relief, requiring compliance with all applicable wage and hour laws and regulations in the future and preventing the unlawful and unfair business practices complained of herein. PLAINTIFF also seeks declaratory relief enumerating all wage and hour violations so that DEFENDANTS and the general public will have clarity and guidance with regards to future employment practices.

## II. JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Section 16(b) of the FLSA regarding overtime wages (29 U.S.C. § 216(b)), and Section 11 of the FLSA regarding recordkeeping requirements (29 U.S.C. § 211).

12. This Court has supplemental jurisdiction over the California state-law claims pursuant 28 U.S.C. § 1367, because the state claims are so related to the federal claims and all claims arise from a common nucleus of facts that they form part of the same case and controversy under Article

III of the U.S. Constitution.

13. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391, because this District is the district in which DEFENDANT resides and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

INTRADISTRICT ASSIGNMENT

15. This case is properly assigned to the Sacramento Division of this Court because the action largely arises from events and omissions that occurred in San Joaquin County, California. Local Rule 3-120(d).

## III. PARTIES

**PLAINTIFF**

16. Plaintiff JAIME MACHADO at all relevant times has been an individual residing in San Joaquin County. He was employed by EMPLOYER DEFENDANTS in their landscaping business in and around San Joaquin County from approximately 1993 to April 2008. PLAINTIFF primarily performed manual labor for EMPLOYER DEFENDANTS' landscaping business in the form of maintenance or quality control landscaping work. For example, PLAINTIFFS primary duties were: installing, removing and repairing irrigation systems and irrigation timers; fixing broken PVC pipes and valves; programming irrigation timers; removing and planting trees, plants and grass; cutting grass; digging; trimming plants and trees; using blowers to clean; caring for or tending to plants, trees and shrubbery; and ordering plants. PLAINTIFF also performed the following non-primary or sporadic tasks: walking jobs and taking instructions from superintendents, inspectors or supervisors on landscaping improvements, changes or repairs that they wanted done; filling out color charts and S-Bills for superintendents, inspectors and supervisors to review; and helping to dispatch workers at the beginning of the day and translating their assignments to Spanish so they could understand. On occasions when a particular landscaping job or task could not be handled by himself, PLAINTIFF asked his supervisor to assign him a crew

of two or three workers whom PLAINTIFF supervised. PLAINTIFF was directly supervised by Defendant EDWARD TRIGO who, along with all other DEFENDANTS, required PLAINTIFF to work Monday through Friday from 6:30 a.m. to approximately 7:45 pm., and on Saturdays from 6:30 a.m. to approximately 5:00 p.m. Although PLAINTIFF routinely worked in excess of eight hours per day and 40 hours per week, he was not paid at the required overtime rate. In addition, although PLAINTIFF routinely worked more than 12 hours in a workday, he was not paid at the required doubletime rate for hours exceeding these thresholds. Rather, PLAINTIFF was paid a fixed sum on a bi-weekly basis. Upon leaving EMPLOYER DEFENDANTS' employ, PLAINTIFF was not paid all wages owed, including overtime, doubletime or vested vacation wages. PLAINTIFF is an aggrieved employee within the meaning of California Labor Code § 2699 who, as a result of the labor violations and DEFENDANTS' practices described herein, has suffered injury in fact and has lost money or property.

**<u>DEFENDANTS</u>**

17. The following allegations as to defendants are made on information and belief and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

18. PLAINTIFF is informed and believes and thereon alleges that Defendant M.A.T. & Sons Landscape, Inc. is a California corporation that operates a landscaping business in and around San Joaquin County. Its principal place of business is located at 20751 El Rancho Road, Tracy, San Joaquin County, California 95304. MAT LANDSCAPE employed PLAINTIFF and directly or indirectly or through an agent or other person engaged, suffered or permitted PLAINTIFF to work. MAT LANDSCAPE is liable for the wages and penalties described herein.

19. On information and belief, Defendant Manuel A. Trigo is an individual employer residing in San Joaquin County. Defendant Manuel A. Trigo is a shareholder, officer and agent of Defendant MAT LANDSCAPE. Manuel A. Trigo individually, personally or directly exercised control over PLAINTIFF'S wages, hours and working conditions. On information and belief, PLAINTIFF alleges that Defendant Manuel A. Trigo jointly employed PLAINTIFF and is the *alter ego* of MAT LANDSCAPE, and that Manuel A. Trigo is liable for the violations complained of as

a joint employer or *alter ego*.

20. Further, PLAINTIFF alleges that Defendant Manuel A. Trigo, individually and acting on behalf of MAT LANDSCAPE, violated or caused to be violated the sections of the California Labor Code and IWC Wage Orders described herein, and is liable as a non-employer under the PAGA and California Labor Code § 558.

21. The following facts are examples of the manner in which Manuel A. Trigo is liable as a joint employer, *alter ego* or as a person who caused labor law violations, because Manuel A. Trigo:

a. directly or indirectly or through an agent or other person engaged suffered or permitted PLAINTIFF to work;
b. required PLAINTIFF or created the policy requiring PLAINTIFF to routinely work more than eight hours in a day or 40 hours in a week without paying one-and-one-half times PLAINTIFF'S regular rate of compensation for all such hours, or double his regular rate for hours exceeding 12 in a workday or eight hours on the seventh consecutive workday;
c. paid PLAINTIFF or created the policy of paying PLAINTIFF a fixed, bi-weekly amount without regard to overtime or doubletime hours worked;
d. created or implemented the policy resulting in failure to pay PLAINTIFF for vested vacation wages upon termination;
e. created or implemented the policy resulting in failure to pay PLAINTIFF all wages due upon termination;
f. created or implemented the policy resulting in the failure to record the starting or ending of PLAINTIFF'S work periods, or all his hours worked; and
g. created or implemented the policy resulting in the failure to provide PLAINTIFF with wage statements that accurately reflected all hours worked, all applicable pay rates or all net or gross wages earned, since PLAINTIFF'S wage statements did not show hours worked or pay rates, and understated all wages earned by not accounting for overtime or doubletime wages.

22. On information and belief, Defendant M.A.T. & Sons Landscape, Inc. is the *alter ego*

of Defendant Manuel A. Trigo, in that PLAINTIFF is informed and believes and thereon alleges that at all relevant times there has existed a unity of interest and ownership between M.A.T. & Sons Landscape, Inc. and Manuel A. Trigo, such that any individuality and separateness between Defendants Manuel A. Trigo and M.A.T. & Sons Landscape, Inc. is a fiction.

23. PLAINTIFF is informed and believes and thereon alleges that in or about 1993, Defendant Manuel A. Trigo founded, or was a founding member of, a landscaping company operating as M.A.T & Sons Landscape, located at 20751 El Rancho Road, Tracy California. Defendant Manuel A. Trigo has resided at the premises commonly known as 20751 El Rancho Road, Tracy California prior to incorporation and to this day. Manuel A. Trigo employed his wife and sons, among other individuals, and directed the landscaping company. In 1998 or 1999, M.A.T. & Sons Landscape was incorporated, at which point it came to be known as M.A.T. & Sons Landscape, Inc. Its principal place of business remained the same, and Manuel A. Trigo's wife and sons (the other PAGA defendants) became officers soon after incorporation.

24. PLAINTIFF is informed and believes and thereon alleges that Defendant Manuel A. Trigo is, and at all times mentioned herein was, either the sole owner of MAT LANDSCAPE stock or, alternatively, owner of at least 50 percent of MAT LANDSCAPE stock, with Manuel A. Trigo wife, Defendant Maria E. Trigo, owning the other 50 percent of MAT LANDSCAPE stock. In either case, MAT LANDSCAPE is 100% community property of Defendants Manuel A. Trigo and Maria E. Trigo.

25. PLAINTIFF is informed and believes and thereon alleges that Defendant MAT LANDSCAPE may have issued a total of 10,000 shares of stock upon incorporation—all of it to Manuel A. Trigo or Manuel A. Trigo and his wife Maria E. Trigo – but that no other shares have been issued, nor has Defendant MAT LANDSCAPE applied for a permit to issue additional stock shares. Further, PLAINTIFF is informed and believes and thereon alleges that MAT LANDSCAPE failed to issue certificates for these stock shares.

26. PLAINTIFF is informed and believes and thereon alleges that Defendant MAT LANDSCAPE is undercapitalized due to the following:

h. Defendant MAT LANDSCAPE has received no consideration for the stocks it

has issued;

i. Defendant MAT LANDSCAPE owns few, if any, assets, as Defendant Manuel A. Trigo owns the principal real property and other facilities used by MAT LANDSCAPE to carry out its business, including the majority of the MAT LANDSCAPE equipment;

j. MAT LANDSCAPE owns no real property;

k. Defendant MAT LANDSCAPE uses Manuel A. Trigo's credit to acquire equipment that the corporation uses;

l. Defendant MAT LANDSCAPE'S loans are guaranteed by shareholder Manuel A. Trigo and/or shareholders Manuel A. Trigo and Maria E. Trigo;

m. Defendant MAT LANDSCAPE borrows funds from Defendant Manuel A. Trigo and his wife Maria E. Trigo, and there is no documentation that these funds are paid back; and

n. MAT LANDSCAPE has little if any cash, as any profits are paid out to Defendant Manuel A. Trigo and the corporation's other three officers – his wife and two sons – in the form of salaries and bonuses.

27. PLAINTIFF is informed and believes and thereon alleges that Manuel A. Trigo has diverted corporate resources to his personal use by (1) using MAT LANDSCAPE employees to re-roof his property located at 3505 11th Street in Tracy California; (2) appropriating MAT LANDSCAPE materials, plants and labor to landscape Manuel A. Trigo's personal residence; (3) directing one or more MAT LANDSCAPE employees to water and maintain the plants and landscaping on Manuel A. Trigo's residence without compensating them personally for the work; and (4) using a MAT LANDSCAPE vehicle for personal use.

28. Defendant MAT LANDSCAPE has failed to observe corporate formalities and maintain an arm's-length relationship with Manuel A. Trigo by not properly documenting loans, leases and other financial transactions between Manuel A. Trigo and MAT LANDSCAPE. PLAINTIFF is informed and believes and thereon alleges that (1) Defendant Manuel A. Trigo has acquired equipment for corporate use but has not entered into written instruments for reimbursement; (2)

that the corporation uses Defendant Manuel A. Trigo's properties, located at 20751 El Rancho Road and 3505 11th Street, Tracy California, but does not pay rent or provide any other form of consideration for using them, and, additionally, there are no written instruments supporting any agreements relating to the use of these properties; (3) that Defendant Manuel A. Trigo makes loans to MAT LANDSCAPE without written documentation of the agreements or their terms; and (4) that Defendant Manuel A. Trigo leases equipment to MAT LANDSCAPE without documentation of leases or their terms. PLAINTIFF further alleges that MAT LANDSCAPE uses Manuel A. Trigo's property for MAT LANDSCAPE functions, such as yearly appreciation events. By doing or failing to do the things alleged in this paragraph, Manuel A. Trigo and MAT LANDSCAPE exchange assets and liabilities informally and without documentation

29. PLAINTIFF is informed and believes and thereon alleges that Defendant Manuel A. Trigo carries on his landscaping business in the corporate name exactly as he had conducted it previous to incorporation, exercising complete control and dominance of such business to such an extent that any individuality or separateness of Defendant M.A.T. & Sons Landscape, Inc. and Defendant Manuel A. Trigo does not, and at all times herein mentioned did not, exist.

30. Defendant Manuel A. Trigo employed his wife, Defendant Maria E. Trigo, and children, Defendants Joseph Trigo and Edward Trigo to fill all major executive positions and pays them without any regard to prevailing wages, making the corporation essentially serve the sole purpose of the family, rather than that of the corporation. Defendant MAT LANDSCAPE is a close corporation with four officers:

o. Defendant Manuel A. Trigo is President and Chief Executive Officer;

p. Manuel A. Trigo's wife, Defendant Maria E. Trigo, is Chief Financial Officer and Secretary; and

q. Manuel A. Trigo's two sons, Defendants Joseph Trigo and Edward Trigo, are Vice Presidents.

31. PLAINTIFF is informed and believes and thereon alleges that at all relevant times MAT LANDSCAPE'S employment practices described herein were created by or under the direction of Defendant Manuel A. Trigo.

32. PLAINTIFF further alleges that Defendant Manuel A. Trigo is responsible for the occurrences herein alleged and that the resulting damages were proximately caused by the conduct of EMPLOYER DEFENDANTS Manuel A. Trigo and MAT & Sons Landscape, Inc., as well as PAGA DEFENDANTS.

33. Adherence to the fiction of the separate existence of the Defendant M.A.T. & Sons Landscape, Inc. distinct from Defendant Manuel A. Trigo would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that PLAINTIFF is informed and believes and thereon alleges that the unlawful failure to pay wages and other unlawful and fraudulent action, as herein alleged, was a direct cause of Defendant Manuel A. Trigo's actions.

34. PLAINTIFF further alleges that a failure to disregard the corporate entity and hold Defendant Manuel A. Trigo individually liable would permit an abuse of corporate privilege and promote injustice, since PLAINTIFF is informed and believes and thereon alleges that MAT LANDSCAPE is undercapitalized and thus not able to satisfy potential judgments for the violations alleged herein. For example, the vast majority of the assets used by MAT LANDSCAPE are owned by Defendant Manuel A. Trigo. Further, MAT LANDSCAPE must rely upon Defendant Manuel A. Trigo's credit to obtain major purchases. MAT LANDSCAPE makes payments on the equipment purchased by Manuel A. Trigo sporadically and only when they can afford to do so.

35. PLAINTIFF alleges, on information and belief, that Defendant Manuel A. Trigo directly engaged in the unlawful conduct alleged in this Complaint by personally directing such conduct, giving orders directly to PLAINTIFF or creating and implementing policies that resulted in the wage and hour violations alleged herein.

36. PLAINTIFF therefore alleges that, given the totality of circumstances, including the factors alleged above to show that MAT LANDSCAPE is Manuel A. Trigo's *alter ego*, the failure to disregard the corporate entity and hold Defendant Manuel A. Trigo individually liable would permit an abuse of corporate privilege and promote injustice.

37. On information and belief, Defendant Maria E. Trigo is a shareholder, officer and agent of Defendant MAT LANDSCAPE and resides in San Joaquin County. Defendant Maria E. Trigo,

individually, personally, directly or indirectly exercised control over the wages, hours and working conditions of PLAINTIFF. Defendant Maria E. Trigo is the CFO and Secretary of MAT LANDSCAPE, and is responsible for the payroll of MAT LANDSCAPE. As CFO, Maria E. Trigo is responsible for keeping and maintaining, in accordance with generally accepted accounting principles, adequate and correct accounts of the properties and business transactions of the corporation, such as accounts of its liabilities and disbursements – including payroll liabilities. Defendant Maria E. Trigo is responsible for processing MAT LANDSCAPE'S payroll liabilities. Defendant Maria E. Trigo is also responsible for creating or implementing MAT LANDSCAPE'S vacation policy. Defendant Maria E. Trigo violated or caused to be violated the payroll violations described in this complaint, including underpaying PLAINTIFF, by failing to pay overtime or doubletime rates, failing to pay vested vacation wages, failing to pay all wages owed at termination, and causing PLAINTIFF'S wages statements to understate wages earned and omit hours worked or hourly rates. Defendant Maria E. Trigo is liable under the PAGA and Labor Code § 558 as a person acting on behalf of the employer who violated or caused the labor violations described herein.

38. On information and belief, Defendant Edward Trigo is an officer and agent of Defendant MAT LANDSCAPE and resides in San Joaquin County. Defendant Edward Trigo, individually, personally, directly or indirectly exercised control over the wages, hours and working conditions of PLAINTIFF, and directly supervised PLAINTIFF and had control over or set PLAINTIFF'S hours, including requiring PLAINTIFF to work from 6:30 a.m. to approximately 7:45 p.m. or later without paying overtime or doubletime wages. Defendant Edward Trigo set PLAINTIFF'S wages and assigned him his duties and responsibilities. Defendant Edward Trigo created, set or implemented the vacation policy that resulted in failure to pay PLAINTIFF vested vacation upon termination. Defendant Edward Trigo has day to day control over MAT LANDSCAPE'S operations. Therefore, Defendant Edward Trigo is liable under the PAGA and Labor Code § 558 as a person acting on behalf of the employer who violated or caused the labor violations described herein.

39. On information and belief, Defendant Joseph Trigo is an officer and agent of Defendant

MAT LANDSCAPE and resides in San Joaquin County. Defendant Joseph Trigo, individually, personally, directly or indirectly exercised control over the wages, hours and working conditions of PLAINTIFF. Defendant Joseph Trigo created, set or implemented the vacation policy that resulted in failure to pay PLAINTIFF vested vacation upon termination. Defendant Joseph Trigo is liable under the PAGA and Labor Code § 558 as a person acting on behalf of the employer who violated or caused the labor violations described herein

40. PAGA DEFENDANTS directly or indirectly or through an agent or other person(s) exercised control over PLAINTIFF'S wages, hours and working conditions.

41. PLAINTIFF is informed and believes and thereon alleges that at all times mentioned herein, each Defendant was acting as the agent of every other Defendant, and all acts alleged to have been committed by any Defendant were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized or ratified each such act. PLAINTIFF is informed and believes and thereon alleges that each Defendant was the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner and/or joint venturer of each other Defendant; and, in causing the injuries herein alleged, each Defendant was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employership, *alter ego* status, and/or joint venture, and with the permission and consent of each of the other Defendants.

## IV. FACTUAL ALLEGATIONS

42. EMPLOYER DEFENDANTS employed PLAINTIFF to work for EMPLOYER DEFENDANTS' business in and around San Joaquin County from approximately 1993 to April 2008.

43. EMPLOYER DEFENDANTS employed PLAINTIFF to perform landscaping work at job sites in San Joaquin County and adjacent counties.

44. PLAINTIFF was required to work Monday through Friday from 6:30 a.m. to approximately 7:45 p.m., and from 6:30 a.m. to approximately 5:00 p.m. on Saturdays.

Occasionally PLAINTIFF was required to work seven consecutive days a week, Monday through Sunday.

45. PLAINTIFF was not paid overtime or doubletime even though he almost never worked fewer hours than the maximum allowable for paying at the regular rate of compensation. Rather, PLAINTIFF was paid a fixed amount on a bi-weekly basis.

46. DEFENDANTS failed to maintain record of PLAINTIFF'S hours of work, or the beginning or ending of PLAINTIFF'S work periods. This has made it difficult for PLAINTIFF to calculate the amount of wages owed. Moreover, DEFENDANTS' failure to keep time records means that PLAINTIFF may establish the hours worked solely by his testimony and the burden of overcoming such testimony shifts to DEFENDANTS. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

47. PLAINTIFF was terminated or laid off on or about April 22, 2008. He was not paid for all owed wages, including overtime and doubletime wages and vested vacation wages.

48. PLAINTIFF'S wage statements failed to state the hours worked or applicable pay rate. Further, as a result of DEFENDANTS' failure to pay overtime and doubletime wages, PLAINTIFF'S wage statements also understated the gross and net wages earned.

49. DEFENDANTS committed the following wage and hour violations with regard to PLAINTIFF'S employment:

r. failed to pay overtime wages in violation of the FLSA, entitling him to recover unpaid wages and liquidated damages;

s. failed to abide by the recordkeeping requirements of the FLSA by not maintaining accurate records of Plaintiff's hours worked and wages earned, in violation of the Unfair Competition Law;

t. failed to pay overtime or doubletime wages in violation of California Labor Code §§ 510, 1194 and 1197, and in violation of the applicable IWC Wage Order(s);

u. violated California Labor Code §§ 1194, 1194.2 and 1197, as well as the applicable Wage Order(s), by failing to pay minimum wages;

v. violated California Labor Code §§ 201 and 203 by failing to pay all wages owed immediately upon termination or layoff;

w. violated California Labor Code §§ 227.3 by failing to pay vested vacation wages;

x. violated California Labor Code § 226 by failing to provide wage statements accurately listing all hours worked, applicable pay rates or gross or net wages earned;

y. violated California Labor Code § 226, the applicable Wage Order(s) and the FLSA by failing to maintain time and payroll records showing, among other things, all hours worked and beginning and ending of work and meal periods; and

z. violated the UCL as a result of infringing on PLAINTIFF'S rights to wages and accurate time and payroll records as described in (a) through (g) above.

50. Pursuant to California Business and Professions Code § 17208 and case-law, the statute of limitations for an action to recover wages at issue is four years.

51. PLAINTIFF is an aggrieved employee as defined in Labor Code § 2699 because the violations complained of herein were committed by DEFENDANTS against him.

52. Pursuant to Labor Code § 2699.3(a), prior to the filing of this complaint PLAINTIFF gave written notice by certified mail to DEFENDANTS and the Labor and Work Force Development Agency ("LWDA") of the factual and legal bases surrounding the violations of labor laws and regulations alleged in this complaint. PLAITIFF will amend this complaint, if appropriate, in accordance with Labor Code §§ 2699.3 (a)(2)(A) and (a)(2)(C) to seek all applicable penalties for violations which the LWDA declines to investigate.

53. PAGA DEFENDANTS are  liable for penalties and wages pursuant to California Labor Code § 558, because they committed or caused the violations of the California Labor Code and applicable IWC Wage Order(s) as described herein.

## V. CLAIMS FOR RELIEF

**FIRST CLAIM**
FAILURE TO PAY OVERTIME WAGES – AGAINST EMPLOYER DEFENDANTS ONLY
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))

54. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

55. EMPLOYER DEFENDANTS intentionally violated the rights of PLAINTIFF under the FLSA, 29 U.S.C. § 207(a), by failing to pay PLAINTIFF at the overtime rate of not less than one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in any given workweek.

56. The violations of FLSA resulted from the practice of requiring PLAINTIFF to work more than 40 hours per week but paying him a fixed, bi-weekly amount that did not account for any or all overtime hours worked, and without regard to the actual number of hours worked. As a result, PLAINTIFF was not compensated at the required overtime rate for hours worked in excess of 40 in a workweek.

57. PLAINTIFF is therefore entitled to recover unpaid overtime wages in amounts to be proven at trial, as well as an equal amount in liquidated damages and reasonable attorneys fees and costs pursuant to 29 U.S.C. § 216(b). PLAINTIFF may also assert this claim for wages pursuant to California Business and Professions Code §§ 17200 *et seq*.

58. PLAINTIFF brings this claim for relief pursuant to 29 U.S.C. § 216(b), and for purposes of this claim for relief only, PLAINTIFF attaches to this complaint a FLSA consent form.

59. WHEREFORE, PLAINTIFF requests relief as described herein and below

**SECOND CLAIM**
VIOLATION OF UNFAIR COMPETITION LAW FOR FAILURE TO COMPLY WITH FEDERAL RECORD KEEPING REQUIREMENTS
(29 U.S.C. § 211 and Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

60. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

61. DEFENDANTS engaged in unlawful activity prohibited by Business and Professions Code §§17200 *et seq.* The actions of DEFENDANTS, as alleged within this complaint, constitute unlawful and unfair business practices with the meaning of Business and Professions Code §§ *17200 et seq.*

*62.* DEFENDANTS have *unlawfully* failed to preserve accurate records as required by 29 USC § 211 and regulations under 29 C.F.R. § 516.1 *et seq.* (including but not limited to 29 C.F.R. §§ 516.2, 516.6 and 516.12). As alleged in this complaint, PLAINTIFF was not paid all wages earned. His wage statements did not include the applicable pay rate or the straight and overtime wages earned. Nor did such records include the hours worked. These failures constitute a violation of 29 C.F.R. §§ 516.1 *et seq.*

63. DEFENDANTS' activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because DEFENDANTS' practices violate the above noted federal laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFF.

64. As a result of DEFENDANTS' practices and violations of the Labor Code, PLAINTIFF has suffered injury-in-fact and has lost money or property. This injury-in-fact and loss of money or property consists of the lost wages, lowered social security benefits, and increased research, litigation costs, and attorney fees in correcting these violations. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in EMPLOYER DEFENDANTS' control. PLAINTIFF is entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

65. As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFF. EMPLOYER DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFF, pursuant to Business and Professions Code § 17203, the wrongfully withheld wages. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS are unjustly enriched through their failure to pay legal wages, and/or other remedies. PLAINTIFF is informed and believes, and thereon alleges, that has been prejudiced by DEFENDANTS' unfair trade practices.

66. As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFF is entitled to equitable and injunctive relief, including full restitution

and/or disgorgement of all wages which have been unlawfully withheld from him, and enjoining EMPLOYER DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code § 17208, including any tolling.

67. The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANTS will refrain from such activity in the future. PLAINTIFF believes and alleges that if EMPLOYER DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to violate FLSA's recordkeeping requirements. PLAINTIFF further requests that the court issue a preliminary and permanent injunction.

68. WHEREFORE, PLAINTIFF requests relief as described herein and below.

**THIRD CLAIM**
FAILURE TO PAY STATE PREMIUM WAGES
AGAINST EMPLOYER DEFENDANTS ONLY
(Violation of Labor Code §§ 510, 1194 & Wage Order(s))

69. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

70. Labor Code § 510(a) establishes the eight (8) hour workday and 40 hour workweek, and provides that work in excess of eight (8) hours in one day or 40 hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay ("overtime rate"). Wage Order 5, which is authorized under California Labor Code § 1185 and applies to the landscaping industry, further provides that work in excess of 12 hours in a workday or eight hours on the seventh consecutive workday is to be compensated at the rate of twice the regular rate of pay ("doubletime rate"). Similarly, Wage Order 16, which applies to certain landscaping work, provides that hours worked in excess of eight hours in a workday or 40 hours in a workweek must be paid at one-and-one-half the regular rate; and that hours worked in excess of 12 in a workday or in excess of eight hours on the seventh consecutive workday must be paid at the doubletime rate.

71. As described herein, DEFENDANTS violated or caused to be violated California Labor Code § 510 and the applicable Wage Order(s) by requiring PLAINTIFF to work in excess of eight (8) hours in a workday and 40 hours in a workweek without paying the required overtime rate, and

requiring PLAINTIFF to work more than more than 12 hours in a workday or more than eight hours on the seventh consecutive workday without paying PLAINTIFF at the doubletime rate.

72. PLAINTIFF may enforce these provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 et seq.

73. California Labor Code § 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

74. As a result, PLAINTIFF is entitled to the unpaid balance of the full amount, to be proven at trial, of overtime or doubletime compensation owed, as well as interest, reasonable attorney's fees and costs of suit.

75. WHEREFORE, PLAINTIFF requests relief as described herein and below, including unpaid wages, interest, attorney's fees and cost of suit.

**FOURTH CLAIM**

FAILURE TO PAY STATE MINIMUM WAGES
AGAINST EMPLOYER DEFENDANTS ONLY
(Violation of Cal. Lab. Code §§ 1197, 1194(a), 1194.2 & Wage Order(s))

76. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

77. California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

78. The applicable minimum wage set by the IWC in the Wage Orders was $6.75 per hour effective January 1, 2002. The IWC raised this rate to $7.50 per hour effective January 1, 2007, and $8.00 per hour effective January 1, 2008.

79. PLAINTIFF was not paid at least at the minimum wage rates set by the IWC for all hours worked. In particular, PLAINTIFF was compensated for some hours worked at a rate less than the statutory minimum, or was not compensated at all for some hours worked. This resulted

from DEFENDANTS' failure record PLAINTIFF'S work periods or hours worked and the policy and practice of paying PLAINTIFF a fixed, bi-weekly amount regardless of how many hours PLAINTIFF worked. This violation of California minimum wage law was substantial and occurred regularly.

80. The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194 and California Business and Professions Code §§ 17200 *et seq*. Section 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

81. As such, PLAINTIFFS may bring this action for minimum wages, interest, costs of suit and attorney's fees against EMPLOYER DEFENDANTS.

82. As described in California Labor Code § 1194.2, any action for minimum wage incorporates the applicable wage order of the IWC and is subject to liquidated damages for unpaid wages.

83. California Labor Code § 1194.2 provides that:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

84. As described herein, this is an action under California Labor Code § 1194 to recover wages, in amounts to be proven at trial, on account of DEFENDANTS' acts or omissions violating or causing violations of California Labor Code §§ 1197, 1194(a) and 1194.2 and the applicable Wage Order(s). PLAINTIFF is also entitled to liquidated damages in an amount equal to the wages unlawfully unpaid for any minimum wage violation.

85. WHEREFORE, PLAINTIFF requests relief as described herein and below, including unpaid wages, interest, attorney's fees and cost of suit.

**FIFTH CLAIM**

FAILURE TO PAY ACCRUED VACATION – AGAINST EMPLOYER DEFENDANTS
(Violation of California Labor Code §§ 227.3, 1197,1194(a) & Wage Order(s))

86. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

87. Pursuant to the terms and conditions of the employment agreement between PLAINTIFF and EMPLOYER DEFENDANTS, Plaintiff accrued paid vacation time based upon the amount of time worked for EMPLOYER DEFENDANTS.

88. Pursuant to California Labor Code § 227.3, Plaintiff was entitled to use or payment of all vested vacation time.

89. DEFENDANTS failed to pay Plaintiff for all vested vacation time upon termination or allow Plaintiff to use all accrued vacation in violation of Labor Code Section 227.3.

90. As a result of Defendants' unlawful conduct, Plaintiff suffered damages in an amount to be proven at trial.

91. WHEREFORE, Plaintiff is entitled to recover the full amount of his unpaid vacation time, interest thereon, and reasonable attorney's interest, costs of suit; and requests relief as described herein and below.

**SIXTH CLAIM**

FAILURE TO PAY ALL WAGES DUE AT TERMINATION OR LAYOFF
AGAINST EMPLOYER DEFENDANTS ONLY
(Violation of California Labor Code §§ 201 & 203)

92. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

93. California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

94. DEFENDANTS willfully failed to timely pay PLAINTIFF all of his wages due upon discharge, which was by termination or layoff. As a result, DEFENDANTS violated or caused to be violated California Labor Code § 201.

95. California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

> continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

96. As noted above, DEFENDANTS violated or caused to be violated California Labor Code § 201 by failing willfully to pay PLAINTIFF all of the wages due upon discharge in conformance with the timelines provided in that section.

97. PLAINTIFF is entitled to compensation for all wages earned but not paid as described above, but to date PLAINTIFF has not received said compensation. Therefore, PLAINTIFF is entitled to penalties under California Labor Code § 203.

98. More than 30 days have passed since PLAINTIFF left EMPLOYER DEFENDANTS' employ without payment of all minimum, overtime, doubletime or vacation wages owed to him, in violation of Labor Code §§ 201 and 203. As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFF is entitled to 30 days' wages as a premium wage or penalty under California Labor Code § 203.

99. WHEREFORE, PLAINTIFF requests relief as described herein and below.

## SEVENTH CLAIM

KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED WAGE STATEMENT PROVISIONS – AGAINST EMPLOYER DEFENDANTS ONLY
(Violation of CALIFORNIA LabOR Code § 226)

100. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

101. California Labor Code § 226(a) requires that employees be provided accurate itemized wage statements containing gross and net wages earned, total hours worked and applicable wage rates.

102. PLAINTIFF was not provided "accurate itemized statements" within the meaning of California Labor Code § 226, because his wage statements:

a. falsely understated the gross wages earned by failing to pay for all hours worked;

b. omitted the total hours worked;

c. falsely understated the net wages earned by failing to pay for all hours worked; and

d. omitted each applicable hourly rate.

103. California Labor Code § 226(e) and (g) provide that employees may recover fifty dollars ($50) for an initial violation and one hundred dollars ($100) thereafter up to four thousand dollars ($4,000), costs and reasonable attorney's fees for violating the obligation to provide a proper, itemized wage statement. Additionally, an employee may seek injunctive relief to ensure compliance with this requirement under the UCL.

104. By failing to keep adequate time records required by Labor Code § 226, DEFENDANTS have injured PLAINTIFF and made it difficult to calculate the unpaid wages due to him, and PLAINTIFF is entitled to up to $4,000.00 in penalties.

105. WHEREFORE, PLAINTIFF seeks relief as described herein and below, including penalties in an amount to be determined at trial not to exceed $4,000, injunctive relief, cost of suit and attorneys fees.

**EIGHTH CLAIM**

UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW AGAINST EMPLOYER DEFENDANTS ONLY

(California Bus. & Prof. Code §§ 17200 *et seq.*)

106. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

107. On information and belief, and at all relevant times, PLAINTIFF alleges that DEFENDANTS, by and through policies and practices, engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq.*, including the following:

a. failing to compensate PLAINTIFF for all hours worked by, for example, improperly recording or failing to record hours worked, paying a set amount without regard to actual hours worked, and not paying or improperly paying for work beyond eight hours in a workday or 40 hours in a week, in violation of federal and state minimum, overtime and doubletime laws;

b. failing to pay vested vacation wages in violation of state law;

c. failing to pay all wages owed upon discharge in violation of state law;

d. failing to provide accurate itemized wage statements stating all hours worked, all applicable pay rates, or all gross and net wages earned, in violation of state law; and

e. failing to maintain records showing when PLAINTIFFS began and ended each work period and meal period, or showing total daily hours worked or all wages earned, in violation of federal and state law.

108. DEFENDANTS' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 et seq. PLAINTIFF has suffered injury in fact and has lost money or property as a result of such unfair competition.

109. PLAINTIFF is entitled to an injunction and other equitable relief against EMPLOYER DEFENDANTS for such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

110. As a result of DEFENDANTS' unlawful acts described herein, EMPLOYER DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFF. EMPLOYER DEFENDANTS should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to PLAINTIFF the wrongfully withheld wages, pursuant to Business and Professions Code § 17203, as well as to enforce penalty provisions pursuant to § 17202.

111. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. PLAINTIFF is and has been prejudiced by DEFENDANTS' unfair trade practices.

112. As a direct and proximate result of DEFENDANTS' unfair business practices, PLAINTIFF is entitled to equitable and injunctive relief from EMPLOYER DEFENDANTS, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from them, and enjoinment of EMPLOYER DEFENDANTS to cease and desist from engaging in the practices described herein.

113. As a direct and proximate result of DEFENDANTS' unfair business practices,

PLAINTIFF is entitled, in accordance with Business and Professions Code § 17202, to enforcement of penalties resulting from the business acts and practices described herein, and entitled to enjoinment of EMPLOYER DEFENDANTS to cease and desist from engaging in the practices described herein.

114. On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication that DEFENDANTS will cease such activity. PLAINTIFF alleges that if EMPLOYER DEFENDANTS are not enjoined from the conduct set forth in this Complaint, DEFENDANTS will continue the practice of failing to properly compensate employees for all wages owed; provide accurate wage statements; maintain required records; or pay all wages owed upon discharge.

115. WHEREFORE, PLAINTIFF requests relief as described herein and below and as deemed just and proper by this Court.

## NINTH CLAIM

PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT
AGAINST ALL DEFENDANTS, EMPLOYER AND PAGA
(California Labor Code §§ 2698 *et seq.* and 558)

116. PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

117. PLAINTIFF brings this action for himself and the State of California to enforce the State's labor laws as authorized under Labor Code § 2699.

118. PLAINTIFF is an aggrieved employee as defined in Labor Code § 2699(a) and described herein.

119. PLAINTIFF has complied with the administrative requirements listed in Labor Code § 2699.3. PLAINTIFF gave notice to the Labor & Workforce Development Agency ("LWDA"), EMPLOYER DEFENDANTS and PAGA DEFENDANTS of the violations alleged herein and the theories and facts supporting those allegations. The LWDA in turn either stated its intention not to investigate the alleged violations or failed to respond to PLAINTIFF'S PAGA (§ 2699.3) notice within 33 days.

120. PLAINTIFF is, therefore, entitled to enforce the labor laws of California and to

collect penalties payable primarily to the State as if the State itself had brought the claim. *Dunlap v. Superior Court*, 142 Cal.App.4th 330 (2006) ("the PAG Act was adopted to empower aggrieved employees, acting as private attorneys general, to seek civil penalties for Labor Code violations, penalties which previously could be assessed only by state agencies.").

121. PLAINTIFF seeks penalties for the State and himself for violations of Labor Code provisions that provide for penalties pursuant to Labor Code § 2699(a).

122. PLAINTIFF also seeks penalties for violations of Labor Code provisions that do not provide a penalty pursuant to Labor Code § 2699(f), which provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

123. The PAGA claims are also brought against EMPLOYER DEFENDANTS and PAGA DEFENDANTS pursuant to various provisions of the Labor Code, including § 558 which permits liability of persons who violate Labor Code or IWC Wage Order provisions or cause them to be violated.

124. California Labor Code § 2699 states that:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees…

125. Any provision providing a penalty can be enforced through PAGA. One such provision is Labor Code § 558, which states:

> (a) Any employer **or other person** acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to any amount sufficient to recover underpaid wages.

> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages…. (Emphasis added.)

126. The viability of holding persons liable by this method was discussed by the California Supreme Court in *Reynolds v. Bement*, where the court noted that liability against non-employers could be obtained through the use of PAGA and § 558:

> Imposition of individual civil liability under the IWC employer definition is not the only means by which an employee can seek recovery against a corporate agent. "The Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims" ( Cuadra v. Millan, supra, 17 Cal.4th at p. 858, 72 Cal.Rptr.2d 687, 952 P.2d 704), and, as defendants concede, nothing in that process precludes hearing officers from finding individual corporate agents liable for unpaid wages when such liability is proven on established common law or statutory theories. **Moreover, pursuant to section 558, subdivision (a), any "person acting on behalf of an employer who violates, or causes to be violated" a statute or wage order relating to working hours is subject to a civil penalty, payable to the affected employee, equal to the amount of any underpaid wages. As noted earlier, the Legislature has provided that aggrieved employees may under certain circumstances maintain civil actions to recover such penalties. (§ 2699, subd. (a).)** (Emphasis added.)

127. As such, EMPLOYER DEFENDANTS and PAGA DEFENDANTS are liable for causing the violations at issue.

128. WHEREFORE, PLAINTIFF requests relief as described herein and below.

## VI. PRAYER

WHEREFORE, PLAINTIFF prays for judgment against EMPLOYER DEFENDANTS and each of them as follows:

<u>As to the First Claim:</u>

1. For overtime wages and liquidated damages pursuant to FLSA.
2. For attorney's fees and cost of suit.

<u>As to the Second Claim:</u>

3. For an award of a preliminary and permanent injunction ordering EMPLOYER DEFENDANTS to cease the unlawful and unfair business practices as herin alleged.
4. For restitution to PLAINTIFF in amounts to be proven at trial.

5. For declaratory and other injunctive relief as the Court deems proper.

6. For enforcement and an award of penalties to PLAINTIFF in amounts to be proven at trial.

As to the Third Claim:

7. For overtime and doubletime wages pursuant to the California Labor Code.

8. For interest, attorney's fees and cost of suit.

As to the Fourth Claim:

9. For unpaid minimum wages and liquidated penalties pursuant to Labor Code § 1194 and 1194.2

10. For interest, attorney' fees and cost of suit.

As to the Fifth Claim:

11. For an award of all unpaid accrued vacation in an amount to be proven at trial.

12. For prejudgment interest pursuant to Labor Code §218.6.

As to the Sixth Claim:

13. For waiting time penalties pursuant to Labor Code § 203.

As to the Seventh Claim:

14. For an award of (a) actual damages for failure to maintain time records reflecting all hours worked in an amount to be proven at trial, (b) statutory amounts, or in the alternative (c) $50.00 for the first violation and $100.00 for each subsequent violation up to a maximum of $4,000.00, per each Plaintiff.

15. For an award of injunctive relief ordering EMPLOYER DEFENDANTS to comply with Labor Code § 226 and FLSA record-keeping requirements.

16. For further equitable relief according to proof.

As to the Eighth Claim:

17. For an award of a preliminary and permanent injunction ordering EMPLOYER DEFENDANTS to cease the unlawful and unfair business practices as herein alleged.

18. For restitution to PLAINTIFF in amounts to be proven at trial.

19. For declaratory and other injunctive relief as the Court deems proper.

20. For enforcement and an award of penalties to PLAINTIFF in amounts to be proven at trial.

As to the Ninth Claim:

21. For all provisions of this code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation.

22. For all provisions of this code violated as described above for which a civil penalty is specifically provided, civil penalties as specifically provided by statute.

23. For violations of the provisions of the Wage Orders, civil penalties as provided by Labor Code § 558, including, but not limited to an amount sufficient to recover underpaid wages.

As to All Causes of Action:

24. For costs of suit herein generally and pursuant to California Code of Civil Procedure §1021.5.

25. For an award of pre-judgment interest as authorized under the law.

26. For an award of post-judgment interest as authorized under the law.

27. For attorneys' fees under Labor Code §§ 226, 1194, 2699(g)(1) & California Code of Civil Procedure § 1021.5.

28. For such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial of his claims by jury to the extent authorized by law.

Dated: February 12, 2009

LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Lafayette, CA 94549

By: _/s/_Stan S. Mallison_____

By: _/s/ Hector R. Martinez____

By: _/s/ Marco A. Palau_______
Attorneys for all Plaintiffs

**CONSENT TO JOIN THE LAWSUIT AGAINST**

**Jaime Machado v. M.A.T. & Sons Landscape, Inc. et al.**

I consent to join as a plaintiff in the action against M.A.T. & Sons Landscape, Inc. et al. (hereafter collectively referred to as "Defendant") to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 207 and 216; unpaid wages and penalties under the California Labor Code §§ 200 *et seq.*; relief under California contract and common law; attorneys' fees and costs; and other appropriate relief. I understand that the lawsuit will be prosecuted as a class, collective action and/or representative action on behalf of myself and other similarly situated non-exempt employees.

I hereby designate my retained counsel, the Law Offices of Mallison & Martinez, to represent me in an action against Defendants. My counsel may be contacted at:

LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, California 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426

Dated: 12/12/08 Signature: Jaime Machado