IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME MACHADO,

    Plaintiff,

  v.

M.A.T. & SONS LANDSCAPE, INC.,
a California Corporation,
MANUEL A. TRIGO, MARIA E.
TRIGO, EDWARD TRIGO and JOSEPH
TRIGO,

    Defendants.
_____/

No. 2:09-cv-00459 JAM JFM

ORDER GRANTING MOTION TO DISMISS

Jaime Machado ("Plaintiff"), brought this action against M.A.T. & Sons Landscape, Inc. ("MAT Landscape"), Manuel A. Trigo ("Manuel"), Maria E. Trigo ("Maria"), Edward Trigo ("Edward") and Joseph Trigo ("Joseph")(collectively, "Defendants") for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and various violations of the California Labor Code. Defendants filed a Motion to Dismiss Plaintiff's Ninth Claim, penalties pursuant to the Private Attorney General Act (PAGA), Cal. Lab. Code §§ 2698 *et seq.*, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P.

12(b)(6).  Plaintiff opposed the Motion.  For the reasons stated below, Defendants' Motion to Dismiss is GRANTED without prejudice.[1]

BACKGROUND

From approximately 1993 until he was terminated in April of 2008, Plaintiff performed manual labor in the form of maintenance or quality control landscaping work for MAT Landscape and Manuel's (collectively "Employer Defendants") landscaping business. Compl. ¶ 16, 47. Maria, Edward and Joseph (collectively "PAGA Defendants") had control over, directed and were responsible for Plaintiff's hours of work, payment of wages, wage statements and employment records. Id. ¶ 6.  For his manual labor, Plaintiff was paid a fixed sum on a bi-weekly basis. Id. ¶ 16.

Plaintiff alleges that during the course of his employment, he was required to work Monday through Friday from 6:30 a.m. to approximately 7:45 p.m., and on Saturdays from 6:30 a.m. to approximately 5:00 p.m. Id. ¶ 16. Plaintiff contends that he was improperly categorized as an exempt worker rather than a non-exempt worker and as a result was deprived of an hourly wage.[2]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[2] Non-exempt employees are entitled to overtime for work in excess of 8 hours in a day or 40 hours in a week and are

Id. ¶ 2. Plaintiff argues that because he should have been categorized as a non-exempt worker and because he routinely worked more than 12 hours in a workday and more than 40 hours in a week, he is entitled to all wages owed including statutory overtime and double time rates, vested vacation wages, and wages owed upon termination. Id. ¶ 16; see also Cal. Lab. Code §§ 200 *et seq*. Plaintiff is also seeking penalties for Defendants' failure to provide Plaintiff with accurate, itemized wage statements containing all hours worked, all applicable pay rates or all gross or net wages owned, or to create required time, employment or payroll records. Id. ¶ 16.

## OPINION

"On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party." Braun v. Allstate Ins. Co., No. 08-cv-283, 2008 U.S. Dist. LEXIS 73740, at * 5 (E.D. Cal. Aug. 4, 2008) (citing Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests."

---

entitled to rest and meal protections. *See* Cal. Lab. Code §§ 200 *et seq*.

Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554 (2007) (finding that "factual allegations must be enough to raise a right to relief above the speculative level").

If a court grants a 12(b)(6) motion for failure to state a claim, it must then decide whether to allow the nonmoving party leave to amend the complaint. Braun, 2008 U.S. Dist. LEXIS 73740 at * 6. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment ..." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182(1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

Defendants' assert three arguments as to why Plaintiff's Ninth Claim should be dismissed for failure to state a claim upon which relief can be granted. First, Defendants' contend

that a PAGA claim must be brought as a representative action on behalf the Plaintiff and other employees. Second, Defendants argue that not only must a PAGA claim be representative but it must also be specifically pled as a class action. Third, Defendants assert that Plaintiff cannot use PAGA to hold the PAGA Defendants personally liable for § 558 penalties because § 558 does not create a private right of action.

Plaintiff's claim is not a representative action as required by PAGA. Plaintiff asserts the PAGA claim on behalf of himself "and the State of California."  However, PAGA states:

> "any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself **and** other current or former employees."

Cal. Lab. Code § 2699(a) (emphasis added).  Only where the court finds latent ambiguity may the court "turn to customary rules of statutory construction or legislative history for guidance." Woolls v. Superior Court, 127 Cal.App.4th 197, 208 (2005). "When the words are clear and unambiguous, there is no need for statutory construction or resort to other indicia of legislative intent, such as legislative history." *Id.* "Effect is to be given to all of [a statute's] parts, including all the words therein

contained which are to be interpreted according to their common acceptation." Emmolo v. Southern Pac. Co., 91 Cal.App.2d 87, 92 (1949).

The word "and" commonly connotes conjunction and is used "as a function word to indicate connection or addition." Merriam-Webster's Collegiate Dictionary 43 (10th ed. 2002). Giving effect to the "common acceptation" of the word "and," the statute's language indicates that a PAGA claim must be brought on behalf of other employees. Since the word "and" is "clear and unambiguous," there is no need to "turn to customary rules of statutory construction or legislative history for guidance." Defendants are correct in asserting that a PAGA claim must be brought as a representative action.[3]

Plaintiff argues that because he is suing on behalf of the State of California, his Complaint qualifies as a representative action.  However, PAGA's language explicitly states that the representative action must include "other current or former employees." While the statute allows

---

[3] In Arias v. Superior Court, No. S155965, 2009 Cal. LEXIS 6017 (Cal. June 29, 2009), the California Supreme court refers to a "representative action" as a plaintiff seeking recovery on behalf of himself and other persons, citing as examples Kraus v. Trinity Mgmt., 23 Cal.4th 116, 126 fn.10 (Cal. 2000) and Residents of Beverly Glen, Inc. v. City of Los Angeles, 34 Cal.App.3d 117, 129 (Cal. Ct. App. 1973).

aggrieved employees to supplement the enforcement efforts of state labor law enforcement agencies by acting as "private attorneys general," that does not mean that an aggrieved employee can include the State of California as a party to the litigation. Cal. Lab. Code § 2699(a.) Rather, the statute represents a legal fiction — the aggrieved employee is enforcing California labor laws as if he or she was the "Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees." Id.  The aggrieved employee is merely an agent of the State; the State is not a party to the litigation.  Arias v. Superior Court, No. S155965, 2009 Cal. LEXIS 6017 (Cal. June 29, 2009) (finding that an employee plaintiff suing under the Private Attorneys General Act of 2004, "does so as the proxy or agent of the state's labor law enforcement agencies"). Since the Plaintiff asserts a representative action without identifying "other current or former employees," Plaintiff has failed to state a claim upon which relief can be granted.

    Defendants also argue that even if Plaintiff had brought a representative action, PAGA claims must be pled as a class action.  This argument is rendered moot by the California

Supreme Court's decision in Arias, 2009 Cal. LEXIS 6017 at *13-32 (holding PAGA claims need not be brought as class actions).

Finally, Defendants argue that PAGA does not apply to claims brought under California Labor Code § 558, which allows corporate agents to be held liable for labor code violations. However, numerous courts have found that individuals have a private right of action through PAGA and § 558 against corporate agents. See, e.g., Reynolds v. Bement, 36 Cal.4th 1075, 1089 (2005) (stating in dicta that PAGA provides a private right of action to recover § 558 penalties); see also Ochoa-Hernandez v. Cjaders Foods, Inc., No. 08-2073, 2009 U.S. Dist. LEXIS 42481, at *9 (N.D. Cal. May 18, 2009) (allowing Plaintiff to amend Complaint to state a PAGA claim to enforce § 558), Kamar v. Radioshack, No. 07-2252, 2008 U.S. Dist. LEXIS 40581, at *41 (C.D. Cal. 2008)("[T]he private right of action authorized in section 2699(a) reaches section 558."); Ontiveros v. Zamora, No. 08-00567, 2009 U.S. Dist. LEXIS 13073 (E.D. Cal. Feb 20, 2009)(denying motion to dismiss claims brought pursuant to PAGA and section 558 against an individual defendant who was a corporate officer of the defendant corporation on the grounds that the plaintiff had adequately pled that the individual defendant "caused" the alleged wage and hour violations). Plaintiff has stated a claim for the purposes of § 558.

Accordingly, Plaintiff's Complaint adequately alleges a § 558 claim.

Because Plaintiff did not bring his claim as a representative action, he fails to state a claim under PAGA. However, amendment is not futile. Accordingly, Defendants Motion to Dismiss is GRANTED without prejudice.

ORDER

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Ninth Claim is GRANTED without prejudice. Plaintiff is directed to file an amended compliant within 20 days of the issuance of this Order.

IT IS SO ORDERED.

Dated: July 23, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE